**Joel Polanco**
**19 Apple Road**
**New Paltz, NY 12561**

April 29, 2024

**By Federal Express**
Victory Mitsubishi
Attention General Manager
4070 Boston Road
Bronx, NY 10475

  Re:  2020 BMW 330, VIN 3MW5R7J02L8B33028

Dear General Manager:

  I am writing to you about the above vehicle which I purchased from your dealership on March 27, 2024. As you know, I had originally looked at a different vehicle which I had found online, and which had been advertised on your website for sale for $9,000. I applied for financing through your online portal, and you pre-approved me for financing for this vehicle. Since I live quite a distance from your dealership, I called to make sure the car was still available. After you assured me it was, I spent several hours traveling to your dealership, only to discover that the low cost vehicle I was looking at had mysteriously disappeared. The bait had worked to draw me in, and now your salespeople switched out the available cars to much higher priced vehicles. Since I had made the commitment to travel so far, I felt like I had to get a car there, so that I did not waste my trip. I eventually found the above vehicle, agreed to buy it and paid you a $3,000 deposit. At first, you said I did not qualify for financing for this higher priced car, but you suggested I find someone to co-sign. I was able to convince my cousin, Mauricio Balbuena Jiminez, to co-sign for me. You told me that I was approved with Mauricio as my co-signor, but told me I needed an additional $1,500 down. Your salesperson actually drove me to get the $1,500 from a friend. You told me that you had assigned the loan to Capital One Auto Finance, and my monthly payments would be $736.54. You then had me sign all fo the deal paperwork, including financing disclosures and a State required Used Car Consumer Bill of Rights. You also sold me a vehicle service agreement and had me complete a vehicle registration for title. You required that I have insurance for the vehicle, which you obtained through my friend's insurance policy. Although you had me sign a Bill of Sale and a Retail Installment Contract, you did not give me a copy of these documents or allow me to review the Retail Installment Contract prior to deal consummation - or at any time other than when I was actually signing them.

  After signing all of the paperwork, you gave me the keys. I had to call and leave messages for several days before you finally provided me with a temporary certificate of registration for the vehicle, with an issued date of March 28, 2024. I drove my new car home, and showed it off to my friends. Imagine my surprise when I started receiving texts from your dealership claiming that I had to return the car. You even threatened to report the vehicle as stolen and have me arrested if I do not return the car! You have also threatened to take the


EXHIBIT 5

vehicle from me. This is despite my having purchased the car and complied with everything I was required to do.

This is to put you on notice that any attempt to seize my vehicle or to falsely report the vehicle as stolen will be met with legal action. Taking a vehicle you have sold and have no right to would be a conversion, or theft, of my property. Falsely reporting a vehicle you have sold to me as stolen would be malicious prosecution, defamation, and potentially false imprisonment if the police believe your lies and arrest me. Your entire transaction is consistent with a deceptive and illegal trade practice in the used car industry - it even has its own nickname in the industry - a "yo-yo sale". The FTC even has a detailed description of the yo-yo sale problem on their website - see https://www.ftc.gov/sites/default/files/documents/public_comments/public-roundtables-protecting-consumers-sale-and-leasing-motor-vehicles-project-no.p104811-00066/00066-82564.pdf

Car dealers who engage in this illegal yo-yo scam have faced dire consequences from the courts. In Joseph Fasusi v. Washington Motor Cars, No. 17-cv-812(LMB/JFA), 2018 WL 4896722 (E.D. Va. 2018), a car dealer had a judgment for $164,199.01, plus attorney fees entered against it for engaging in a yo yo scam. In Pierre v. Motor Maxx, Inc., a car dealer who wrongfully repossessed a vehicle on a yo yo scam had a jury award Mr. Pierre $27,366.73 in damages plus $45,367.78 in attorney fees and costs. In Brandt v. Maha Lakshmi Motors, et al., United States District Court for the Eastern District of Virginia, Alexandria Division, Case number 1:03-cv-00868, a car dealer which orchestrated a yo yo financing scam and wrongfully repossessed a vehicle had jury award a total of $101,500, plus $289,125 in punitive damages against them. In Murillo v. A Better Way Wholesale Autos, Inc., an arbitrator awarded $261,596.84 against one of the largest used-car dealers in Connecticut for facts involving a "yo-yo" sale. This award was upheld and confirmed in the U.S. District Court by the Honorable Vanessa L. Bryant. Murillo v. A Better Way Wholesale Autos, Inc., 17-CV-1883(VLB), 2019 WL 3081062 (D.Conn. July 15, 2019). There a many other judgments out there that a simple internet search will reveal. I mention these only so that you are aware of what the ramifications would be of your actions if you persist in this illegal activity you have threatened.

I am not looking for trouble and do not want to have to be involved in a lawsuit. All I want is for you to honor the agreement you made with me, register the vehicle in my name, provide me with a permanent certificate of registration, and leave me in peace. In turn, I will continue to comply with all of my obligations, and will timely pay the loan to you until you tell me where else to send them to.

Please confirm that you will abide by the contract, and send me the permanent registration for my vehicle within the next 3 days.

Joel Polanco

*Joel Polanco*