IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOEL S. POLANCO and MAURICIO A. BALBUENA JIMINEZ,

                Plaintiffs,

       v.

SPARTAN AUTO GROUP, LLC d/b/a VICTORY MITSUBISHI et. al.,

                Defendants.

Case No.: 1:25-cv-02410-LJL

**DEFENDANT CAPITAL ONE AUTO FINANCE'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

# TABLE OF CONTENTS

                                                                                 **Page**

| | | |
|---|---|---|
| I. | PRELIMINARY STATEMENT | 1 |
| II. | STATEMENT OF FACTS | 2 |
| III. | LEGAL STANDARD | 3 |
| IV. | ARGUMENT | 4 |
| | A. The Complaint Demonstrates Capital One had a Permissible Purpose to Access Plaintiffs' Consumer Reports. | 4 |
| | B. Plaintiffs Affirmatively Plead Facts Showing that Capital One Had Reason to Believe Any Access of Plaintiffs' Consumer Reports Was Permissible. | 6 |
| | C. Plaintiffs Cannot Recover For Any Alleged Violation of Section 1681m. | 8 |
| | D. Plaintiff Balbuena Has No Cause of Action Against Capital One. | 9 |
| V. | CONCLUSION | 9 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Conservation Sys. Inc. v. Long Island Lighting Co.*,
   934 F. Supp. 53 (E.D.N.Y. 1996) ...................................................................................4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................................3

*Bentley v. Greensky Trade Credit, LLC*,
   156 F. Supp. 3d 274 (D. Conn. 2015) ..............................................................................7

*Braun v. United Recovery Sys., LP*,
   14 F. Supp. 3d 159 (S.D.N.Y. 2014) ...............................................................................4

*Farkash v. RJM Acquisitions Funding, Inc.*,
   No. 12-CV-1017, 2012 WL 1948643 (S.D.N.Y. May 29, 2012) .....................................6

*Ogbon v. Beneficial Credit Servs., Inc.*,
   No. 10-cv-03760, 2011 WL 2847927 (S.D.N.Y. July 8, 2011) ........................................8

*Perez v. Portfolio Recovery Assocs., LLC*,
   No. 12-cv-1603, 2012 WL 5373448 (D.P.R. Oct. 30, 2012) ...........................................6

*Perl v. Am. Express*,
   No. 11-cv-7374, 2012 WL 178333 (S.D.N.Y. Jan. 19, 2012) .........................................6

*Perry v. First Nat. Bank*,
   459 F.3d 816 (7th Cir. 2006) ...........................................................................................8

*Shostack v. Diller*,
   No. 15-cv-2255, 2016 WL 958687 (S.D.N.Y. Mar. 8, 2016) ..........................................7

*Sloan v. Ally Fin. Inc.*,
   No. 18-cv-1979, 2019 WL 224924 (D. Md. Jan. 15, 2019) .............................................5

*Soroka v. JP Morgan Chase & Co.*,
   500 F. Supp. 2d 217 (S.D.N.Y. 2007) .............................................................................8

*Stergiopoulos & Ivelisse Castro v. First Midwest Bancorp, Inc.*,
   427 F.3d 1043 (7th Cir. 2005) .........................................................................................5

*Tauro v. Asset Acceptance*,
    No. 12-cv-418, 2012 WL 2359954 (W.D. Pa. June 20, 2012) .................................................7

*Zeller v. Samia*,
    758 F. Supp. 775 (D. Mass. 1991) ........................................................................................5

**Statutes**

15 U.S.C. 1681m(h)(8) ...............................................................................................1, 2, 3, 5, 6, 8

FCRA ...............................................................................................................................1, 3, 4, 8

**Other Authorities**

Rule 8 ..............................................................................................................................................4

Rule 12(b)(6) ...................................................................................................................................3

Defendant Capital One Auto Finance, a division of Capital One, N.A. ("Capital One"), by and through counsel, Troutman Pepper Locke LLP, hereby submits this Memorandum of Law in support of Capital One's Motion to Dismiss (the "Motion to Dismiss") the Amended Complaint [ECF No. 35] ("Complaint") as filed by Plaintiffs Joel S. Polanco and Mauricio A. Balbuena Jiminez ("Plaintiffs"). For the reasons set forth herein, the Court should grant Capital One's Motion to Dismiss and dismiss the Complaint in its entirety and with prejudice, and further grant Capital One such other relief as the Court deems just and proper.

## I. PRELIMINARY STATEMENT

Plaintiffs' claims for violation of Section 1681b(f) and 1681m of the Fair Credit Reporting Act ("FCRA") are implausible for three reasons.

**First**, Plaintiffs cannot plead a plausible violation of Section 1681b(f) because they acknowledge in the Complaint that they sought credit to finance the purchase of a vehicle. Section 1681b(f) prohibits any person from obtaining another's consumer report without a permissible purpose. One such permissible purpose, explicitly set forth in the statute, is in connection with a credit transaction. Plaintiffs concede in the Complaint that they applied for credit, thus conceding that they do not have a claim for violation of Section 1681b(f).

**Second**, even if Plaintiffs did not concede that Capital One had a permissible purpose to pull their consumer reports (and they unambiguously have conceded this point), their allegations confirm that Capital One reasonably believed that it had a permissible purpose to do so. A plaintiff bringing a claim for Section 1681b(f) must also plead a negligent or willful violation of the statute, with the requisite mental state for each. *See* 15 U.S.C. §§ 1681n, o. Plaintiffs have not done either, as they have pled facts confirming that Capital One had reason to believe that they had a permissible purpose to pull Plaintiffs' credit. Accordingly, even if Plaintiffs' Complaint did not

1

confirm that Capital One had a permissible purpose to pull their credit, their Complaint does not plead the requisite mental state for a violation.

**Third**, Plaintiffs' claim for violation of Section 1681m must be dismissed because this provision does not contain a private right of action. Accordingly, dismissal of all of Plaintiffs' causes of action against Capital One is required.

## II. STATEMENT OF FACTS

Plaintiff Polanco alleges that in March 2024 he completed an online credit application to purchase a vehicle from codefendant Victory Mitsubishi ("Dealer"). ECF No. 35 at ¶¶ 28–31. He further alleges that after he arrived at the Dealer to purchase the vehicle for which he completed the online application, he was informed that the vehicle was unavailable but there were other vehicles available to purchase. *Id.* at ¶¶ 33-34. Plaintiff Polanco contends that he agreed to consider purchasing another vehicle from Dealer. *Id.* at ¶ 35. However, Plaintiff Polanco was required to reapply for credit approval to purchase a different vehicle and to have a co-signor for financing. *Id.* at ¶ 36. Thereafter Plaintiff Balbuena agreed to be a co-signor. *See id.* at Ex. 3 (listing Mauricio A, Balbuena Jimenez as a co-buyer). The Dealer thereafter pulled and accessed Plaintiff Polanco's and Plaintiff Balbuena's credit. *Id.* at ¶ 40 – 42.

Plaintiffs contend that they were approved for financing and the Dealer sold the vehicle to Plaintiffs. *Id.* at ¶ 42. The terms of the vehicle sale were memorialized in a Retail Installment Sales Contract ("RISC"). *See id.* at ¶ 41. Plaintiffs contend that the Dealer listed Capital One as the lienholder for the vehicle and tried to assign its interest in the RISC to Capital One. *Id.* at ¶¶ 45-48. However, the assignment of the RISC to Capital One was never finalized and Capital One allegedly revoked its acceptance of the assignment of the RISC. *Id.* at ¶¶ 49-51.

On or about April 29, 2024, Plaintiff Polanco contends that the Dealer submitted a second credit request to Capital One to access his consumer report. *Id.* at ¶¶ 54, 59. Upon receiving this

request, Capital One allegedly provided Plaintiff Polanco's consumer report to the Dealer. *Id.* Plaintiffs further allege that Capital One and the Dealer had an agreement whereby the Dealer would only request a consumer report from Capital One for a permissible purpose under the FCRA and in connection with a credit transaction and for no other purpose. *Id.* at ¶ 59.

Plaintiff Polanco alleges that in April 2024, the Dealer did not have a permissible purpose or authority to access Plaintiff Polanco's consumer report. *Id.* at ¶¶ 61–62. Plaintiff Polanco does not allege that Capital One knew or had reason to believe that Dealer may not have had a permissible purpose to access Plaintiff Polanco's credit on April 29, 2024. *Id.* at ¶¶ 61–62. Plaintiffs also allege that Capital One failed to provide Plaintiffs with any notice of an adverse action related to the March 27, 2024 or April 29, 2024 credit inquiries. *Id.* at ¶¶ 63–64.

On or about May 14, 2024, Plaintiff Polanco contends that he accessed his consumer report and noticed credit inquiries from Capital One, yet Plaintiff Polanco contends he had not sought credit from Capital One. *Id.* at ¶ 65. Plaintiff Polanco alleges these credit inquiries lowered his credit scores. *Id.* at ¶ 66. Based on these alleged actions, Plaintiff Polanco alleges a claim against Capital One for violation of 15 U.S.C. § 1681b(f) (Count II). Both Plaintiffs allege a claim against Capital One for violation of 15 U.S.C. § 1681m (Count III).

## III. LEGAL STANDARD

Under Rule 12(b)(6), the Court reviews the sufficiency of the complaint to ensure the plaintiff has alleged a plausible claim. Although factual allegations must be accepted as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must plead "a claim to relief that is plausible on its face" but the Court need not accept legal conclusions. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Rule 8 does not empower [Plaintiffs] to plead the bare elements of [a] cause of action, affix the label 'general allegation,' and expect [their] complaint to survive a motion to dismiss." *Id.* at 687. Instead, a "pleading that offers 'legal conclusions' of 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

## IV. ARGUMENT

### A. The Complaint Demonstrates Capital One had a Permissible Purpose to Access Plaintiffs' Consumer Reports.

Plaintiff Polanco's claim for violation of Section 1681b(f) of the FCRA should be dismissed because the Complaint demonstrates that Capital One had a permissible purpose to access his consumer reports. Section 1681b specifies the circumstances under which a consumer report may be furnished and used. Specifically, Section 1681b(f) prohibits a person from using or obtaining a consumer report for any purpose unless "(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with Section 1681e of this title by a prospective user of the report through a general or specific certification." To prove a violation of this section, a consumer must show that the user lacked this permissible purpose when it obtained a consumer report and, further, that the violation was willful or negligent. *See Braun v. United Recovery Sys., LP*, 14 F. Supp. 3d 159, 166 (S.D.N.Y. 2014) (collecting cases setting forth the standard) (citations omitted). Conversely, a showing of a permissible purpose is a complete defense. *See Advanced Conservation Sys. Inc. v. Long Island Lighting Co.*, 934 F. Supp. 53, 54 (E.D.N.Y. 1996).

Section 1681b(a) of the FCRA provides permissible purposes by which a consumer reporting agency may furnish a consumer report. One permissible purpose is when the information is used to assist in a credit transaction involving the consumer:

> (a) In general - Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> (3) To a person which has reason to believe –
>
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer.

15 U.S.C. § 1681b(a)(3)(A). Whether a party had a permissible purpose to access a consumer's credit report is a legal question. *See Zeller v. Samia*, 758 F. Supp. 775, 781-82 (D. Mass. 1991).

Capital One's alleged credit pulls fall squarely within this permissible purpose. The Complaint alleges that after Plaintiffs applied for financing of the vehicle, Capital One pulled Plaintiffs' consumer reports. ECF No. 35 at ¶ 39. Additionally, Plaintiffs' Complaint alleges that Capital One originally denied financing and the Dealer tried to reapply to Capital One a second time. ECF No. 35 at ¶¶ 49-54. Further, the Complaint specifies that Capital One and Dealer had an agreement to only submit requests for consumer reports to Capital One if Dealer possessed a permissible purpose. *See* ECF No. 35, Compl. at ¶ 59.

Both Plaintiffs plead that Capital One had a permissible purpose to obtain their consumer reports because at all times plead Capital One accessed Plaintiffs' consumer reports as a direct result of requests for financing received. *See Stergiopoulos & Ivelisse Castro v. First Midwest Bancorp, Inc.*, 427 F.3d 1043, 1046 (7th Cir. 2005) ("By requesting the plaintiffs' credit reports for the sole purpose of determining whether to furnish the plaintiffs with credit, [the defendant] satisfied the FCRA's requirement that it intended to use the information in connection with a credit transaction involving" the plaintiffs.); *Sloan v. Ally Fin. Inc.*, No. 18-cv-1979, 2019 WL 224924,

5

at *2 (D. Md. Jan. 15, 2019) (dismissing the plaintiff's permissible purpose claim where the plaintiff attached the RISC to his complaint, "meaning any inquiry by [the] Defendant into [the] Plaintiff's credit report would fit within [a] permissible purpose"). Accordingly, the Complaint fails to state a claim for violation of Section 1681b, and the Court should dismiss Count II in its entirety and with prejudice.

### B. Plaintiffs Affirmatively Plead Facts Showing that Capital One Had Reason to Believe Any Access of Plaintiffs' Consumer Reports Was Permissible.

Plaintiffs' Complaint makes clear that Capital One had a permissible purpose to access both Plaintiffs' consumer reports at various times alleged. However, even if it did not (and it is plain from the face of Plaintiffs' Complaint that Capital One *did* have a permissible purpose), neither Plaintiff has stated a plausible claim because the Complaint does not offer any facts suggesting that Capital One knew it lacked a permissible purpose to pull Plaintiff Polanco's consumer report.

A plaintiff alleging a violation of Section 1681b(f) must allege a willful or negligent violation of the statute. *See Farkash v. RJM Acquisitions Funding, Inc.*, No. 12-CV-1017, 2012 WL 1948643, at *3 (S.D.N.Y. May 29, 2012) (dismissing Section 1681b claims because the plaintiff failed to allege any facts showing that the defendants either knew that they lacked a permissible purpose to access the plaintiff's credit report, or recklessly disregarded their obligation to have such a purpose); *see also Perl v. Am. Express*, No. 11-cv-7374, 2012 WL 178333, at *2-3 (S.D.N.Y. Jan. 19, 2012) (granting motion to dismiss where the plaintiff failed to allege the requisite state of mind, finding that, based upon the allegations in the complaint, "defendants' conduct could just as likely have been unintentional"); *Perez v. Portfolio Recovery Assocs., LLC*, No. 12-cv-1603, 2012 WL 5373448, at *2 (D.P.R. Oct. 30, 2012) ("To survive [d]efendant's Motion to Dismiss, the complaint must aver sufficient facts to establish to a plausible degree that [the d]efendant obtained the credit reports for an impermissible purpose, and that their conduct

was either willful or negligent."); *Tauro v. Asset Acceptance*, No. 12-cv-418, 2012 WL 2359954, at *5 (W.D. Pa. June 20, 2012) ("[T]he [p]laintiff has not averred any facts from which the Court can infer that the [d]efendants knew, or should have known, that they did not intend to use the [p]laintiff's credit report for a permissible purpose under the FCRA, all of which [p]laintiff must do with provable facts in order to state a claim.").

Not only is Plaintiffs' Complaint deficient on any facts regarding the requisite mental state for a permissible purpose claim, it affirmatively pleads facts showing that Capital One *lacked* the requisite intent for a violation of Section 1681b(f). Plaintiffs allege that Capital One and the Dealer had a contractual agreement specifying that the Dealer would *only* request a consumer report from Capital One if it had a permissible purpose to do so. *Id.* at ¶ 59. While Plaintiffs contend that the Dealer should not have requested that Capital One pull Plaintiff Polanco's credit report in April 2024, the Complaint does not contain any allegation suggesting that Capital One should not have relied on the Dealer's representation that it did possess a permissible purpose for a credit pull. This admission requires dismissal of Plaintiffs' claim. *See generally* ECF No. 35; *Shostack v. Diller*, No. 15-cv-2255, 2016 WL 958687, at *5 (S.D.N.Y. Mar. 8, 2016) (specifying dismissal of the plaintiff's Section 1681b(f) FCRA claim was appropriate because according to the facts as alleged, the defendant did not know the plaintiff had not authorized the transaction); *Bentley v. Greensky Trade Credit, LLC*, 156 F. Supp. 3d 274, 285 (D. Conn. 2015) ("In assessing the 'reason to know' aspect of this authorized purpose, the Court's focus is on the intent of the party obtaining the credit report."). Thus, Plaintiffs' claim for violation of Section 1681b(f) against Capital One is not plausible and dismissal is required.

### C. Plaintiffs Cannot Recover For Any Alleged Violation of Section 1681m.

Plaintiffs generally assert that Capital One violated Section 1681m by not providing notice of financing or any denial of financing to Plaintiffs after their March credit pulls. *See* ECF No. 35 at ¶ 125. However, there is no private right of action for any such allegation under the FCRA. *See* 15 U.S.C. 1681m(h)(8). Section 1681m(h)(8) explicitly provides:

> (A) No Civil Actions.
>
> Sections 1681n and 1681o [which provide private rights of action for willful and negligent violations of other FCRA provisions] shall not apply to any failure by any person to comply with this section.
>
> (B) Administrative enforcement.
>
> This section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section.

The plain language of the FCRA makes it clear that Congress intended for this section to be enforced only by Federal administrative agencies. *See Soroka v. JP Morgan Chase & Co.*, 500 F. Supp. 2d 217, 223 (S.D.N.Y. 2007) (finding a consumer has no private right of action against bank for alleged violations of the FCRA provision requiring bank, that had accessed his consumer credit report without his initiation of a transaction for use in a firm offer of credit, to provide consumer with certain disclosures in a "clear and conspicuous manner"); *Perry v. First Nat. Bank*, 459 F.3d 816, 823 (7th Cir. 2006) (finding that Amendment to FCRA unambiguously provided that there was no private right of action for violation of Section 1681m). Accordingly, regardless of whether Capital One violated this section, which it did not, Plaintiffs' claim should be dismissed because the FCRA does not recognize a private cause of action for any violation of this section. *See Ogbon v. Beneficial Credit Servs., Inc.*, No. 10-cv-03760, 2011 WL 2847927, at *3 (S.D.N.Y. July 8, 2011) (dismissing the plaintiff's Section 1681m claim because the claim was futile given there is no private cause of action for violation of the Section).

### D. Plaintiff Balbuena Has No Cause of Action Against Capital One.

Count II's allegations as plead are limited only to Plaintiff Polanco. Plaintiff Balbuena is not listed as asserting a claim against Capital One for an alleged violation of 15 U.S.C. § 1681b(f). Plaintiff Balbuena's only claim asserted against Capital One in Count II for violation of 15 U.S.C. § 1681m does not allow a private right of action. *See supra* Section 3. Accordingly, Plaintiff Balbuena has no cause of action against Capital One and dismissal is appropriate.

## V. CONCLUSION

For the foregoing reasons, Capital One respectfully requests that the Court grant the Motion to Dismiss and dismiss the Complaint against Capital One in its entirety and with prejudice, and further grant Capital One such other relief as the Court deems just and proper.

This 25th day of July, 2025.

**TROUTMAN PEPPER LOCKE LLP**

By: */s/ Rachelle Pointdujour*
Rachelle Pointdujour, Bar No: 5737929
TROUTMAN PEPPER LOCKE LLP
875 Third Avenue
New York, NY 10022
212.704.6450
Rachelle.Pointdujour@troutman.com

*Attorney for Defendant Capital One Auto Finance, a division of Capital One, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of July 2025, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

By: */s/ Rachelle Pointdujour*
Rachelle Pointdujour, Bar No: 5737929