USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/28/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
JOEL S. POLANCO, et al., :
:
Plaintiffs, :
: 25-cv-2410 (LJL)
-v- :
: OPINION AND ORDER
SPARTAN AUTO GROUP LLC d/b/a/ VICTORY :
MITSUBISHI, et al., :
:
Defendants. :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Defendant Capital One Auto Finance, a division of Capital One, N.A. ("Capital One") moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the amended complaint of plaintiffs Joel S. Polanco ("Polanco") and Mauricio A. Balbuena Jiminez ("Jiminez" and with Polanco, "Plaintiffs"). Dkt. No. 43. The motion is unopposed.[1] The motion is granted.

## BACKGROUND

For purposes of this motion, the Court accepts as true the well-pleaded allegations of the Amended Complaint ("AC") as supplemented by the documents incorporated by reference. The Court assumes familiarity with the prior proceedings and opinion in this matter. *See* Dkt. No. 60; *Polanco v. Spartan Auto Grp. LLC,* 2025 WL 3110432 (S.D.N.Y. Nov. 6, 2025).

Plaintiffs are two New York residents who in 2024 purchased a 2020 BMW 3 Series motor vehicle (the "Car") from defendant Spartan Auto Group, LLC d/b/a Victory Mitsubishi ("Victory Mitsubishi"). Dkt. No. 35 ¶ 34. Polanco was initially pre-approved by Victory

---

[1] On November 24, 2025, the Court issued an order approving the parties' proposed briefing schedule, requiring Plaintiff to file a response to the motion to dismiss by December 15, 2025, and permitting Capital One to reply by January 6, 2026. Dkt. No. 62. Plaintiff has not filed a response to the motion to dismiss.

Mitsubishi to purchase a lower-priced $9,000 vehicle after filling out a credit application, but when he arrived at the dealership he was told that that vehicle was in the shop being repaired. *Id.* ¶¶ 30–31, 34. As a result and at the urging of Victory Mitsubishi, Polanco decided to purchase the more expensive vehicle. *Id.* ¶ 38. He was told that he needed a co-signor to be approved for a loan for the purchase of the Car and needed to make a larger down payment. *Id.* ¶ 40. Thereafter, Jiminez agreed to be a co-signor. *Id.* at Ex. 3. Victory Mitsubishi obtained Plaintiffs' credit history, obtained an extension of credit for Plaintiffs from Capital One, and extended a Retail Installment Sales Contract ("RISC") to them. *Id.* ¶¶ 41–42, 46. It also told Plaintiffs that they were approved for financing. *Id.* ¶ 42.

Victory Mitsubishi registered the vehicle in Polanco's name, listing Capital One as the lien holder. *Id.* ¶ 45; Dkt. No. 35-4. Plaintiffs allege that subsequent to selling the Car to Plaintiffs, Victory Mitsubishi sold and assigned its interest in the RISC to Capital One. *Id.* ¶ 47. However, Capital One did not accept the assignment of the RISC from Victory Mitsubishi. *Id.* ¶ 73.

On or about April 1, 2024, however, Victory Mitsubishi started contacting Polanco demanding that he sign new deal documents or they would repossess the Car. *Id.* ¶ 68. On April 26, 2024, Victory Mitsubishi threatened to report the Car as stolen if it were not returned by the next day. *Id.* ¶ 70. The parties exchanged text messages on April 29 and April 30, 2024, wherein Polanco told Victory Mitsubishi that he would honor the RISC and that it had no right to repossess the Car and Victory Mitsubishi responded that if Polanco did not pay, it would repossess the Car. *Id.* ¶¶ 71–72; Dkt. No. 35-5. On May 9, 2024, Victory Mitsubishi sent a letter to Jiminez advising him that while he had been approved by Capital One for financing, Capital One had advised Victory Mitsubishi that it would not fund the loan and Victory

2

Mitsubishi had "purchased the loan from Capital One." Dkt. No. 35-6 at 1. Victory Mitsubishi further stated that Jiminez's failure to make a payment of $31,634.80 on the loan would result in Victory Mitsubishi repossessing the Car. *Id.* at 2. On May 15, 2024, Victory Mitsubishi repossessed the Car. Dkt. No. 35 ¶ 86.

Plaintiffs' claims against Capital One are based on Capital One's receipt and use of Polanco's credit reports. On or about March 27, 2024, when Plaintiffs purchased the Car, Victory Mitsubishi accessed Polanco's credit report. *Id.* ¶ 39. However, on or about April 29, 2024, after Victory Mitsubishi had begun demanding that Plaintiffs sign new deal documents and threatening to repossess the Car, Victory Mitsubishi submitted a request to Capital One for Capital One to access Polanco's consumer credit reports from Experian, Equifax, and Trans Union. *Id.* ¶ 53.[2] Plaintiff alleges that such request was made pursuant to a contractual agreement between Victory Mitsubishi and Capital One, pursuant to which Victory Mitsubishi agreed that it would only request a consumer report for a permissible purpose under the Fair Credit Reporting Act and only in connection with a credit transaction and for no other purpose. *Id.* ¶ 59. Pursuant to Victory Mitsubishi's request, Capital One accessed a copy of Polanco's consumer credit reports from Equifax, Experian, and Trans Union. *Id.* ¶ 54.

On May 3, 2024, Polanco's consumer credit report, containing the record of the April 29, 2024 hard inquiry[3] from Capital One, was disseminated to Bank of America. *Id.* ¶ 55. On August 6, 2024, Polanco's consumer credit report, containing the record of the April 29, 2024 hard inquiry from Capital One, was disseminated to SYNCB/Amazon PLCC. *Id.* ¶ 56. On

---

[2] That same day, Victory Mitsubishi accessed Polanco's consumer credit reports from Trans Union, Experian, and Equifax. *Id.* ¶ 52.
[3] A hard inquiry is a credit inquiry that is temporarily recorded on the consumer's credit report and can lower the consumer's credit score.

3

October 2, 2024, Polanco's consumer credit report, containing the record of the April 29, 2024 hard inquiry from Capital One, was disseminated to Citibank, NA, Best Buy. *Id.* ¶ 57. In addition, since April 29, 2024, there have been over 100 "soft inquiries" into Polanco's consumer credit report. *Id.* ¶ 58.[4]

Plaintiffs allege that the credit inquiries into Polanco's credit profile a month apart lowers his credit score, counting as two separate credit inquiries. *Id.* ¶ 66. Plaintiffs further allege that neither Victory Mitsubishi nor Capital One provided them notice of adverse action related to the March 27, 2024 or the April 29, 2024 credit inquiries. *Id.* ¶¶ 63–64.

On or about May 14, 2024, Polanco obtained and reviewed a copy of his Equifax, Experian and Trans Union credit reports and was shocked to see the credit inquiries from Capital One and Mitsubishi a month after he had already been approved for financing through them, as well as credit inquiries from companies from which he had not sought credit for any reason. *Id.* ¶ 65.

## PROCEDURAL HISTORY

Plaintiff initiated this case by complaint filed on March 24, 2025. Dkt. No. 1. Plaintiffs filed their amended complaint on July 11, 2025. Dkt. No. 35.[5] Plaintiffs allege nine claims[6] against Victory Mitsubishi as well as against Chris Orsaris, the owner and chief executive officer of Victory Mitsubishi, and Mark Vanable, Jamal Mohammad and Tazman Nelson, employees of

---

[4] Plaintiffs allege that a soft inquiry "is an inquiry that does not impact a consumer's credit rating, but does result in at least a partial dissemination of a consumer's credit report and history." *Id.* ¶ 58.

[5] On June 2, 2025, Capital One filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 25.

[6] Plaintiffs allege violations of the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.*, Fair Credit Reporting Act, 15 U.S.C. §§ 1681b(f) and 1681m, the Equal Credit Opportunity Act, 15 U.S.C. § 1691(d)(2), Uniform Commercial Code § 9-610, New York Uniform Commercial Code § 9-610, and New York General Business Law, N.Y. Gen. Bus. L. § 349, as well as common law claims of fraud and conversion. Dkt. No. 35 ¶¶ 104–78.

4

Victory Mitsubishi (collectively, the "Individual Defendants").[7] *Id.* ¶¶ 104–78. Those claims are being arbitrated. Plaintiffs allege two claims against Capital One under the Fair Credit Reporting Act ("FCRA"): (1) obtaining and using Polanco's consumer credit reports without a permissible purpose in violation of 15 U.S.C. § 1681b(f), *id.* ¶¶ 112–20; and (2) failure to provide notice of an adverse action in violation of 15 U.S.C. § 1681m, *id.* ¶¶ 121–32.[8]

On July 25, 2025, Capital One filed this motion to dismiss the amended complaint along with a memorandum of law in support of the motion. Dkt. Nos. 43–44.

Victory Mitsubishi and the Individual Defendants filed a motion to compel arbitration on August 29, 2025. Dkt. No. 54. Plaintiffs joined in that motion but also asked that the Court compel Capital One to arbitrate the dispute. Dkt. No. 57. Capital One opposed the request to compel arbitration of the claims against it, Dkt. No. 58, and, on November 6, 2025, the Court issued an Opinion and Order compelling arbitration of the claims against Victory Mitsubishi and the Individual Defendants and denying the request for arbitration against Capital One. Dkt. No. 60.

## DISCUSSION

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A complaint must offer more than "labels and conclusions," "a formulaic recitation of

---

[7] Plaintiffs also name John Doe 4 and John Doe 5 as defendants.
[8] The body of Plaintiffs' Section 1681m count does not affirmatively allege that Capital One violated the FCRA. *Id.* ¶¶ 121–32. However, the caption to the count lists Capital One. Capital One has not argued that the failure to identify it in the body of the count alone requires the dismissal of that claim and accordingly the Court analyzes Plaintiffs' Section 1681m as if Capital One is alleged to have violated the provision.

5

the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal. *Twombly*, 550 U.S. at 555, 557. The ultimate question is whether "[a] claim has facial plausibility, [i.e.,] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the claim. *Twombly*, 550 U.S. at 556; *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

**I.     Plaintiff's Count II Fails to State a Claim for Relief Against Capital One**

Plaintiffs' Count II alleges that both Victory Mitsubishi and Capital One violated Section 1681b(f) of the FCRA by obtaining and using Polanco's consumer reports in April 2024 without a permissible purpose. Dkt. No. 35 ¶¶ 112–20. Plaintiffs allege that there was already an approved loan for the Car from the March 27, 2024 transaction and that, accordingly, any permissible purpose either Victory Mitsubishi or Capital One would have had from March 2024 had expired and the credit pulls in April were without a permissible purpose. *Id.* ¶¶ 114, 118. Polanco alleges that he suffered actual damages as a result of the April credit pull, including credit damage, violation of privacy, and emotional and mental distress and seeks actual damages, statutory damages, attorneys' fees and costs, and punitive damages. *Id.* ¶¶ 116, 119–20. Capital One argues that the Complaint fails to state a claim for relief under Section 1681b(f).

Section 1681b(f) provides "[a] person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with

section 1681e of this title by a prospective user of the report through a general or specific certification." 15 U.S.C. § 1681b(f). "The FCRA creates a private right of action against credit reporting agencies for the negligent or willful violation of any duty imposed under the statute." *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995); *see* 15 U.S.C. §§ 1681n, 1681o.

Section 1681b(a) provides that subject to certain exceptions not applicable here,[9] "any consumer reporting agency may furnish a consumer report . . . (3) to a person which it has reason to believe (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of any account of, the consumer; . . . or (F) otherwise has a legitimate business need for the information (i) in connection with a business transaction that is initiated by the consumer." 15 U.S.C. § 1681b(a). "The statute's plain language indicates that if the party obtaining the report had the intent to use it for one of the specified permissible purposes, there has been no violation of the FCRA." *Ritchie v. Northern Leasing Sys., Inc.*, 2016 WL 1241531,

---

[9] Section 1681b(c) provides that a consumer reporting agency may only furnish a consumer report pursuant to Section 1681(a)(3)(A) in connection with any credit or insurance transaction that is not initiated by the consumer if:
    (A) the consumer authorizes the agency to provide such report to such person; or
    (B)(i) the transaction consists of a firm offer of credit or insurance;
    (ii) the consumer reporting agency has complied with subsection (e);
    (iii) there is not in effect an election by the consumer, made in accordance with subsection (e), to have the consumer's name and address excluded from lists of names provided by the agency pursuant to this paragraph; and
    (iv) the consumer report does not contain a date of birth that shows that the consumer has not attained the age of 21, or, if the date of birth on the consumer report shows that the consumer has not attained the age of 21, such consumer consents to the consumer reporting agency to such furnishing.
15 U.S.C. § 1681b(c).

at *15 (S.D.N.Y. Mar. 28, 2016), *aff'd sub nom. Ritchie v. Taylor*, 701 F. App'x 45 (2d Cir. 2017) (summary order)).

"To state a claim for civil liability based on Section 1681b, a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose, and that the violation was willful or negligent." *Perl v. Am. Exp.*, 2012 WL 178333, at *2 (S.D.N.Y. Jan. 19, 2012); *see Braun v. United Recovery Sys., LP*, 14 F. Supp.3d 159, 166 (S.D.N.Y. 2014). "Allegations stating a violation of the FCRA are insufficient, without more, to establish the element of negligence, which Congress clearly intended to be an extra hurdle to liability under the FCRA." *Perl*, 2012 WL 178333, at *3.

The complaint fails to allege facts that would establish either a willful or a negligent violation of the FCRA on the part of Capital One. From the face of the complaint, Victory Mitsubishi was in the process either of extending credit to Plaintiffs or reviewing or collecting upon the debt that Plaintiffs owed to Victory Mitsubishi. Either would be a permissible purpose for obtaining a credit report under the FCRA. *See Arnold v. Northland Group, Inc.*, 2019 WL 2419470, at *4 (S.D.N.Y. June 10, 2019) (collection of a debt is a permissible purpose under the FCRA); *Ritchie* 2016 WL 1241531, at *15 (same). Moreover, the AC affirmatively alleges that Capital One provided the credit report to Victory Mitsubishi, pursuant to an agreement under which Victory Mitsubishi promised that it would only request a consumer report for a permissible purpose under the FCRA and only in connection with a credit transaction and for no other purpose. Dkt. No. 35 ¶ 59. At the time, according to the AC, Capital One would have known that it declined the loan to Plaintiffs, *id.* ¶ 50, and thus would not necessarily view it as unusual for there to be an application for financing to Victory Mitsubishi or for Victory Financing to have actually extended financing which it was seeking to collect. Absent additional

facts, Plaintiffs fail to allege that Capital One should have known that Victory Mitsubishi would have used the reports for other than a permissible purpose. *See Campbell v. Conserve Accounts Receivable Management*, 2016 WL 3212084 (E.D.N.Y. June 8, 2016) (dismissing FCRA complaint for failure to plead facts establishing either negligence or willfulness).

**II.     Plaintiffs' Count III Fails to State a Claim for Relief**

Plaintiffs' Count III alleges a violation of 15 U.S.C. § 1681m by both Victory Mitsubishi and Capital One. Dkt. No. 35 ¶¶ 121–32.

Section 1681m requires any person who takes an adverse action with respect to a consumer "based in whole or in part on any information contained in a consumer report" to provide oral, written, or electronic notice to the consumer. 15 U.S.C. § 1681m(a). Plaintiffs allege that the decision of Victory Mitsubishi and Capital One not to provide financing or to deny financing to Plaintiffs after the March credit pulls was an "adverse action" within the meaning of Section 1681m and that failure to provide notice of that adverse action violated the statute.

This Court previously has held "'only Federal agencies and officials can enforce Section 1681m.'" *Rosa v. Mandarich L. Grp., LLP*, 2023 WL 4561830, at *13 n.18 (S.D.N.Y. July 17, 2023) (quoting *Shaw v. Yorke*, 2011 WL 2563177, at *1 (M.D. Fla. June 28, 2011)). "Because Congress 'intended to preempt private causes of action to enforce § 1681m,' Plaintiff lacks the ability to assert a claim under that section, and any such claim must be dismissed." *Meka v. Deloitte LLP*, 2025 WL 3761874, at *2 (S.D.N.Y. Dec. 30, 2025) (quoting *Perry v. First Nat. Bank*, 459 F.3d 816, 823 (7th Cir. 2006)); *see also Ogbon v. Beneficial Credit Servs., Inc.*, 2011 WL 2847927, at *3 n.7 (S.D.N.Y. July 8, 2011) (noting that while the Second Circuit and Supreme Court had not yet addressed the issue, "[v]irtually every federal district court and the only federal court of appeals to interpret § 1681m(h)(8) has found it to be clear and

unambiguous: the word 'section' means 'section,' and thus no private right of action exists for violations of section 1681m in its entirety" (quoting *Bourdelais v. J.P. Morgan Chase Bank, N.A.,* 2011 WL 1306311 (E.D. Va. Apr. 1, 2011))).

## CONCLUSION

The motion to dismiss is GRANTED. Count II is dismissed without prejudice to repleading with facts establishing negligence against Capital One within 14 days of the date of this Order. Count III is dismissed with prejudice.

The Clerk of Court is respectfully directed to close Dkt. No. 43.

SO ORDERED.

Dated: January 28, 2026
      New York, New York

_____
      LEWIS J. LIMAN
      United States District Judge